UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NOLAN CRUZ-CASTILLO,

              Petitioner,

      - against -

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 13, 2014

11 Cr. 398 (PAC)
14 Civ. 847 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 3, 2014, Nolan Cruz-Castillo ("Cruz-Castillo"), filed a *pro se* petition pursuant to 28 U.S.C. § 2255, to vacate, set aside, and/or correct his sentence because (1) defense counsel failed to provide effective assistance because he did not provide adequate interpretations and assistance during the plea bargaining process, (2) he was denied due process by the government's constructive amendment of the indictment, (3) the district court was without jurisdiction to accept his guilty plea, and (4) the Court acted vindictively by increasing his sentence. Cruz-Castillo also filed a motion for return of property under Federal Rule of Criminal Procedure 41(g).

Cruz-Castillo previously waived his right to appeal or collaterally challenge any sentence within or below the Stipulated Guidelines Range of 87-108 months, and the Court sentenced Cruz-Castillo within that range. Furthermore, three of these grounds have been raised and rejected by the Court and the Second Circuit in this case and they fare no better on their repetition here. *See* Order, ECF No. 18, at 5–7 ("Cruz-Castillo fails to demonstrate ineffective assistance of counsel in connection with his decision to plead guilty."); Summary Order, *United States v. Cruz-Castillo*, No. 12-2980-cr (2d Cir. Nov. 1, 2013), ECF No. 59 (holding that "the

1

district court did not abuse its discretion in denying Cruz-Castillo's motion to withdraw his plea" and that the imposition of a sentence of 99 months imprisonment was not unreasonable); *see also Reese v. United States*, 329 Fed. Appx. 324, 327 (2d Cir. 2009) ("We therefore conclude that [defendant's] challenge . . . pursuant to section 2255 is barred because the same issue he seeks to raise was or could have been raised on direct appeal."). As to Cruz-Castillo's new argument regarding constructive amendment of his indictment, it is doubtful that this argument is available to a defendant who has pled guilty. *See Thomas v. United States*, No. 04-CV-5290, 2006 WL 27442, at *5 & n.4 (S.D.N.Y. Jan. 4, 2006). Even if the claim were available to Cruz-Castillo, no variance from the indictment occurred here. *See United States v. Rigas*, 490 F.3d 208, 227 (2d Cir. 2007) (holding that an indictment has been constructively amended when the evidence or the jury charge "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment" (internal quotations omitted)). Accordingly, Cruz-Castillo's petition to vacate his sentence is DENIED.

Cruz-Castillo also moves for return of his property under Federal Rule of Criminal Procedure 41(g). Specifically, Cruz-Castillo requests that the Government return to him $1,895.00 in U.S. currency, three passports, a birth certificate, a U.S. resident card, one Insure card, and three cellphones. On August 4, 2014, the Government responded to the motion, explaining that the birth certificate was not seized and that the Department of Homeland Security ("DHS") made multiple attempts in 2011 to contact Cruz-Castillo regarding the money but it was forfeited after he failed to respond. (Letter from Harris M. Fischman to the Hon. Paul A. Crotty, Aug. 4, 2014, ECF No. 40, at 1-2). This is insufficient. The Court requests further information about how the money was forfeited and the type of notice DHS provided to Cruz-Castillo.

Accordingly, the Court ORDERS the Government to provide a declaration and/or supporting documentation explaining the process by which the currency was forfeited within 30 days of this Order.

## CONCLUSION

Cruz-Castillo's petition for habeas corpus is DENIED. Since Cruz-Castillo has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment. After the Government submits a declaration and/or supporting documentation, the Court will rule on Cruz-Castillo's Rule 41(g) motion.

Dated: New York, New York
      August 13, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Nolan Cruz-Castillo
91710-054
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866